Toomey, J.
This is an action arising out of a contractual dispute between Washington Heights Limited (“WHL”) and A&M Enterprises, Inc. (“AME”). Jerald S. Savage (“Savage”) has been AME’s sole director and officer since the corporation’s inception.[1] The plaintiff seeks damages for breach of contract (Count I), violations of G.L.c. 156 and 156B (Count II), and violations of G.L.c. 93A (Count III). Defendant Savage has moved to dismiss all counts of the complaint as they apply to him personally. Defendant AME moves to dismiss Counts II and III.
BACKGROUND
In January of 1978, AME contracted with Chartwell Systems Realty Trust (“Chartwell”) to lease, repair and maintain laundry equipment including washers and dryers. In September of 1984 Chartwell assigned its contract with AME to the plaintiff.
The contract provided that the monies collected from the washers and dryers would be split according to percentages which fluctuated depending on the actual dollar amount taken in by a particular machine.[2] The parties disagree as to how these provisions should be interpreted and the plaintiff alleges that it is due additional monies.
The contract also provided that AME would, at its own expense, repair and maintain the machines. The plaintiff alleges that AME failed to live up to this obligation and that it suffered damages as a result.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 (1977).
COUNT I
Count I of the complaint alleges breach of contract. Savage has moved to dismiss this count insofar as it applies to him individually.
As a general rule, a corporation’s liability is distinct from that of its officers, directors and shareholders. My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618 (1968) (and cases cited therein). Under certain circumstances, however, the court may disregard the corporate entity and impose liability on a corporation’s officers, directors or shareholders. Id. Such cases usually involve fraud or deceit, a commingling of corporate and personal assets, thin capitalization, or non-observance of corporate formalities. Id.; Evans v. Multicon Construction Corp., 30 Mass.App.Ct. 728, 733 (1991).
In the present case, the plaintiff has failed to allege, in its complaint,[3] any facts which would allow the court to disregard the corporate entity or which would support a finding of liability against Savage personally. The operative allegations of Count I refer only to the corporate defendant and repeatedly reference the actions of that (singular) defendant. There is, in Count I, no allegation against Savage individually and no assertion sufficient to pierce the corporate veil to reach Savage. Dismissal is, therefore, appropriate on Count I as it applies to Savage individually.
COUNT II
Count II of the complaint alleges violations of G.L.c. 156 and 156B.[4] Both statutes address the fiduciary duties owed to a corporation by corporate officers and directors. Neither of the statutes can be read to impose upon officers and directors a duty to a third party such as the instant plaintiff. Accordingly, the plaintiff has no standing to raise a claim under c. 156 or 156B and Count II will be dismissed.
COUNT III
Count III of the complaint alleges violations of G.L.c. 93A. The defendant argues that the acts complained of fail to meet the required level of “rascality” necessary to state a viable claim under 93A. Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979) (the objectionable conduct must attain “a level of rascalily that would raise an eyebrow of someone inured to the rough and tumble world of commerce”). While it may be possible, in certain circumstances, for a complaint to be so deficient on the issues of “rascality” for a Rule 12(b)(6) dismissal to be appropriate, this is not such a case.
Although the plaintiffs complaint makes no mention of plaintiffs strongest c. 93A allegations against *592 Savage (i.e. that Savage knowingly and intentionally concealed from the plaintiff the involuntary dissolution of A&M Enterprises, Inc.),[5] the allegations that do appear in the Complaint — to wit, that Savage and/or AME repeatedly and intentionally failed to pay commissions which he/it knew were owed — are assertions of “rascality” sufficient to survive a Rule 12(b)(6) motion to dismiss the c. 93A claim.
DEFENDANT AME’S MOTION TO DISMISS
Defendant AME has moved to dismiss Counts II and III only. For reasons which are identical to those stated above, AME’s motion is allowed with respect to Count II and denied with respect to Count III.
ORDER
For the reasons stated above, defendant Savage’s motion is ALLOWED with respect to Counts I and II and DENIED with respect to Count III. Defendant AME’s motion for summaiyjudgment is ALLOWED with respect to Count II and DENIED with respect to Count III.

 This fact is not included in the plaintiffs complaint and is included for identification purposes only.

 specifics of this arrangement are not particularly relevant to the resolution of this motion.

 Plaintiff, in its Memorandum in Opposition to the Defendant’s Motion to Dismiss, alleges additional facts which may be sufficient to withstand a Rule 12(b)(6) motion. However, since these additional facts are nowhere to be found in the plaintiffs complaint, they cannot be considered by the court.

 Specifically, plaintiffs motion references c. 156, §§36 and 37.

 Such allegations appear only in the plaintiffs memorandum in opposition to the motion to dismiss.